J-A21005-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BEVERLY E. BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CATHY S. BOYER, ESQUIRE AND | : | No. 206 WDA 2017 |
| BOYER, PAULISICK & EBERLE | : | |

Appeal from the Order January 12, 2017
In the Court of Common Pleas of Butler County Civil Division at No(s):
2014-10798

BEFORE: BENDER, P.J.E., OLSON, J., and STABILE, J.

CONCURRING STATEMENT BY OLSON, J.:          FILED MAY 18, 2018

I agree with the learned Majority that the trial court erred in sustaining Appellees' preliminary objections in the nature of a demurrer. I write separately to explain why I believe that the dismissal of Appellant's second amended complaint was not warranted.

As the Majority correctly notes:

Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objection.

Majority Memorandum, at 3, quoting Adams v. Hellings Builders, Inc., 146 A.3d 795, 798 (Pa. Super. 2016). In this case, the trial court concluded that Appellant's claim for damages was too speculative because "no action or

inaction of [Appellant's] counsel would have resulted in [Appellant's] ability to receive her ex-husband's [p]ension in any form" and "no change in negotiation tactic[s] would have provided [Appellant] with a separate annuity". Trial Court Opinion, 1/12/17, at 5. It is true that Appellant's ex-husband's pension plan was not a qualified ERISA[1] plan; therefore, Appellant was not able to receive the agreed-upon annuity. However, had Appellant known that she was unable to receive a separate annuity, she may have been able to negotiate other terms that would have provided her with the financial security that she sought. The trial court concluded that, "even if armed with the knowledge that her ex-husband's [p]ension [p]lan did not provide her with a separate annuity . . . there is no way to know exactly what [Appellant] would or would not have foregone, or received in further negotiations with her ex-husband prior to the January 24, 2012 [] QDRO". Id. However, Appellant's second amended complaint asserts

> . . . if [Appellant] had known that the Slippery Rock Borough Police Pension Plan was not a qualified plan, and that she would not be entitled to a separate annuity payable on her ex-husband's earliest retirement date, which would survive his death, then she would have been in a position to bargain for a more favorable distribution of marital assets based on that knowledge.

Second Amended Complaint, 5/2/16, at ¶ 24. As this case is at the preliminary objection stage, all material facts set forth in the second amended complaint are admitted as true, as well as all reasonable inferences deducible therefrom.

_____

[1] Employee Retirement Income Security Act, 29 U.S.C.A. § 1001, et seq.

Adams, supra. As such, we must assume that Appellant would have negotiated other more favorable terms had she known that she would not receive the pension annuity. At this stage, we must permit Appellant an opportunity to establish, if she can, what she would have done differently had she known of her counsel's improper advice.[2] I again emphasis that we are at the preliminary objection stage and that dismissal of a complaint should be sustained only in cases which are clear and free from doubt that the plaintiff will be unable to prove facts legally sufficient to establish the right to relief. I do not believe that this is one of those cases.

Judge Stabile joins this concurring statement.

_____

[2] The trial court noted that, after counsel's mistake was uncovered, Appellant did have the opportunity to continue negotiations with her former husband and enter into a new domestic relations order. Trial Court Opinion, 1/12/17, at 5. The trial court goes on to conclude "[w]hile [the new order] may not reflect everything that [Appellant] desired to receive in the divorce proceedings, it does represent to [the trial court] that some measure of correction was undertaken." Id. I do not believe that the fact that a new order was negotiated after the pension mistake was known prevents Appellant from establishing, if possible, that she would have received even better terms at the outset of the negotiations if she had known that she would be precluded from obtaining an annuity from her former husband's pension plan.